**Pao Yuen SHIH and Sue E. Shih, Plaintiffs,**

v.

**COMMERCIAL ASSOCIATION FOR SECURITY AND HEALTH and Merrill Bostrum Associates, Defendants.**

Civ. A. No. 91–C–1820.

United States District Court, D. Colorado.

Dec. 29, 1992.

---

James Benson, Denver, CO, for plaintiffs.

tice issue, advised the court that oral argument was waived.

Rebstock and Kelley P.C., Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiffs Pao Yuen and Sue E. Shih commenced this action against the defendants Commercial Association for Security and Health (CASH) and Merrill Bostrom Associates (MBA) asserting various state law claims (first and second claims) and claims under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.* (third claim).[1] Defendant MBA has filed a consolidated motion: (1) to dismiss the plaintiffs' state law claims; (2) to dismiss those claims asserted on behalf of Sue E. Shih; and (3) to strike the plaintiffs' requests for extra-contractual compensatory and punitive damages and for a jury trial. Plaintiffs have responded by confessing the motion in part and by otherwise opposing it.

The issues have been fully briefed and oral argument would not facilitate the decision process. Jurisdiction is alleged to exist under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1367.

### A. State Law Claims, Sue E. Shih and Jury Demand.

MBA asserts that the plaintiffs' state law claims are preempted by ERISA. Plaintiffs have responded by acknowledging that their state law claims are preempted.[2] Therefore, the motion to dismiss the state law claims will be granted.

MBA has also moved to dismiss those claims asserted on behalf of Sue E. Shih because she does not have standing. MBA further contends that the plaintiffs' request for a jury trial should be stricken. Plaintiff has responded by confessing the

motion on both of these grounds. Therefore, the jury demand will be stricken and Sue E. Shih's claims will be dismissed.

### B. Extra-contractual Compensatory and Punitive Damages.

MBA has moved to strike the plaintiffs' requests for extra-contractual compensatory and punitive damages. Plaintiffs respond that they are entitled to such damages under 29 U.S.C. § 1132(a)(3).

 Section 1132(a), 29 U.S.C., provides, in pertinent part, that a civil action may be brought:

"(2) by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 409 [29 U.S.C. § 1109];

(3) by a participant, beneficiary, or fiduciary . . .

(B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

The United States Supreme Court has held that extra-contractual damages are not available in a breach of fiduciary duty claim brought under section 1132(a)(2). *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985). The Court, however, expressly reserved the issue of whether extra-contractual and punitive damages are available under § 1132(a)(3) as "other appropriate equitable relief." *Id.* at 139, n. 5, 105 S.Ct. at 3088, n. 5. Despite that reservation, the Court reasoned that the civil enforcement provisions of section 1132(a) were exclusive and suggested that fiduciaries cannot be held liable for extra-contractual damages. *Id.* at 145–148, 105 S.Ct. at 3092–93; *Hancock v. Montgomery*

---

1. On January 31, 1992 judgment was entered against CASH pursuant to a settlement.

2. Plaintiffs contend, however, that numerous allegations contained in their state law claims relate to their ERISA claim for breach of fiduciary duty and therefore should be incorporated into that ERISA claim.

 Plaintiff has not specifically identified which allegations in their state law claims should be

incorporated into their ERISA claim. I conclude that the most efficient manner in which to resolve this dispute to is grant the plaintiffs leave to file a second amended complaint. If the defendants believe that any allegations in the second amended complaint should be stricken, they may file a motion to strike if justified by the law and the facts.

*Ward Long Term Disability Trust*, 787 F.2d 1302, 1306–07 (9th Cir.1986).

■ I conclude that extra-contractual compensatory damages against a fiduciary are not an available form of "equitable relief" under § 1132(a)(3). *See e.g. Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825 (1st Cir.1988); *Hancock v. Montgomery Ward Long Term Disability*, 787 F.2d 1302, 1306–07 (9th Cir.1986); *Powell v. Chesapeake & Potomac Telephone Co.*, 780 F.2d 419, 424 (4th Cir.1985); *Stuckey v. Colorado Auto. Dealers Assoc. Ins. Trust*, 91–F–359 (D.Colo. August 20, 1991); *Simmons v. Prudential Ins. Co.*, 641 F.Supp. 675, 680–83 (D.Colo.1986); *but see Warren v. Society National Bank*, 905 F.2d 975 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2256, 114 L.Ed.2d 709 (1991). Moreover, "punitive damages are not available in an ERISA action." *Sage v. Automation Inc. Pension Plan and Trust*, 845 F.2d 885, 888 n. 2 (10th Cir. 1988); *Sandoval v. Schlage Lock Co.*, 90–F–2003 (D.Colo. July 9, 1991).

I find the Ninth Circuit's reasoning in *Sokol v. Bernstein*, 803 F.2d 532, 534–38 (9th Cir.1986), to be particularly convincing. As stated by the *Sokol* court: "it appears that Congress used the word 'equitable' [in § 1132(a)(3) ] to mean what it usually means—injunctive or declaratory relief." *Id.* at 538.

Therefore, MBA's motion to strike the plaintiffs' requests for extra-contractual compensatory and punitive damages will be granted.

Accordingly, IT IS ORDERED that:

(1) MBA's consolidated motion to dismiss and to strike is granted. Plaintiffs' state law claims and those claims asserted on behalf of Sue E. Shih are dismissed. Plaintiffs' requests for extra-contractual compensatory and punitive damages and for a jury trial are stricken;

(2) Within eleven days after this order's date, the plaintiffs shall file a second amended complaint including those allegations from the state law claims that he seeks to have incorporated into his ERISA claims; and

(3) The parties and their counsel are ordered to meet and confer within eleven days in a good faith attempt to settle the case without further litigation, expense or delay. The parties shall report to this court in writing within fifteen days of this order, stating the results of their settlement negotiations and whether a conference before a Magistrate Judge or some other alternative dispute resolution proceeding would facilitate settlement.